IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-682-FL

| | |
|---|---|
| LAWRENCE ALVIN BULLOCK, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| CHARLES VANCE, M.D., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*. He has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915, which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff is involuntarily committed at Central Regional Psychiatric Hospital in Butner, North Carolina. (DE-1, pg. 1). During his commitment, he has filed several lawsuits without merit in this Court. (DE-3).

Here, Plaintiff states that Defendant is treating him for bipolar disorder. (DE-1-1, pg. 4). He complains that "he is on [too] much medication." *Id*. at 4. The Complaint contains Plaintiff's suggestions regarding an appropriate course of treatment. In his claim for relief, Plaintiff requests treatment from another doctor.

While an involuntarily confined patient in a state mental health facility has a due process

right to be free from unreasonable restraint and the right to be housed in safe conditions, such rights are tempered by the treatment concerns of mental health professionals. *See*, Youngberg v. Romeo, 457 U.S. 307, 322–323 (1982). Decisions made by treating professionals are presumptively valid, and should not be second-guessed by the court. *Id*. Nonetheless, a due process violation will be found if the treating professionals substantially departed from the exercise of accepted professional judgment. *See*, Patten v. Nichols, 274 F.3d 829, 842 (4th Cir. 2001). Neither malpractice nor a difference of opinion among experts as to the proper treatment of a patient, however, will support a finding that due process was violated. *Id*. at 845. Here, Plaintiff does not assert that his treatment departs from the exercise of accepted professional judgment, he merely expresses his opinion that he should be treated differently. Moreover, this Court has no authority to order Defendant to provide a specific course of treatment for Plaintiff, nor does this Court have the authority to order another physician to treat Plaintiff. *See*, Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)("Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment as it remains a question of sound professional judgment" (quotation omitted)). It is well recognized that courts should generally avoid interfering with the medical care of prisoners or detainees. Cline v. Harmon, 2012 WL 691875, * 3 (S.D.W.Va. 2012)(*citing*, Bowring, 551 F.2d at 48).

      Finally, Plaintiff alleges that hospital officials open his mail before "it gets to [him]." (DE-1-1, pg. 4). This statement, without more, fails to state any claim. Ballou v. Fuller, 2013 WL 1316020, * 10 (D.S.C. 2013)(" there is nothing improper about security officials opening mail to confirm that it does not contain contraband before delivering the mail to a prisoner.").

Accordingly, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed as frivolous.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, May 10, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE