IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-682-FL

| | |
|---|---|
| LAWRENCE ALVIN BULLOCK, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHARLES VANCE, M.D., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb (DE 4), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court grant plaintiff's motion to proceed *in forma pauperis* (DE 1), but dismiss plaintiff's complaint. Plaintiff filed objection to M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants plaintiff's motion to proceed *in forma pauperis*, but dismisses the complaint.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear

error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On December 22, 2011, plaintiff filed an application to proceed *in forma pauperis* in this action seeking relief from certain medications and to receive treatment from a different physician where plaintiff is committed at Central Regional Psychiatric Hospital in Butner, North Carolina. Plaintiff also complains that his mail is opened before he receives it. The magistrate judge found that plaintiff had demonstrated sufficient and appropriate evidence of inability to pay the required courts costs, but also recommended that plaintiff's proposed complaint be dismissed under 28 U.S.C. § 1915(e)(2). See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). The court will dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, the magistrate judge recommends dismissing the complaint for the following reasons. First, he finds that plaintiff's claim regarding medical treatment is insufficient where decisions made by treating professionals are presumptively valid, and courts should generally avoid interfering with the medical care of prisoners and detainees. Second, the magistrate judge finds that plaintiff fails to state claim in regard to mail, where the law is clear that security officials may open prisoners' mail.

Plaintiff's objection gives more detail as to the medications he is currently taking and how he would prefer to be treated medically. Upon *de novo* review, the court finds that such objection

2

provides no basis to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full (DE 4). Plaintiff's motion to proceed *in forma pauperis* (DE 1) is GRANTED, but his complaint is DISMISSED. The clerk is directed to close this case.

SO ORDERED, this the 6 day of June, 2013.

LOUISE W. FLANAGAN
United States District Judge

3

Case 5:12-cv-00682-FL   Document 6   Filed 06/06/13   Page 3 of 3